

# THE ATTORNEY GENERAL

## OF TEXAS

JOHN L. HILL.
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

March 25, 1976

The Honorable Bill Sullivant
Chairman
House Committee on Environmental
    Affairs
P. O. Box 2910
Austin, Texas 78767

Opinion No. H-802

Re: Whether the Water
Quality Board is permitted
or required to perform
land use planning and
condition the granting of
permits on compliance
with land use regulations.

Dear Chairman Sullivant:

You have requested our opinion regarding the authority of the Texas Water Quality Board with respect to land use planning. Specifically, you ask:

> To what extent does the Texas Water
> Quality Board's authority allow [or]
> require the Board to perform land use
> planning and to condition the granting
> of permits to point or non-point sources
> of water contaminants on proper site
> selection and on compliance with land
> use divisions and regulations set by
> the Board?

The authority of the Texas Water Quality Board is derived from three statutes: the Texas Water Quality Act, Water Code, section 21.001, et seq.; the Disposal Well Act, Water Code, section 22.001, et seq.; and the Solid Waste Disposal Act, article 4477-7, V.T.C.S. The Texas Water Quality Act, by which the Water Development Board was created, provides:

> The board shall administer the pro-
> visions of this chapter and shall estab-
> lish the level of quality to be maintained
> in, and shall control the quality of, the
> water in this state as provided by this
> chapter.  Waste discharges or impending
> waste discharges covered by the provisions
> of this chapter are subject to reasonable
> rules, regulations, or orders adopted or
> issued by the board in the public interest.
> The board has the powers and duties specifi-
> cally prescribed by this chapter and all
> other powers necessary or convenient to
> carry out its responsibilities.  Sec. 21.061.

The Board is specifically empowered to "issue permits . . . for the discharge of waste into or adjacent to water in the state."  Sec. 21.079.  In issuing a permit, the Board is required to

> prescribe the conditions on which it is
> issued, including:
>
> (1)   the duration of the permit;
> (2)   the location of the point of dis-
> charge of the waste;
> (3)   the maximum quantity of waste that
> may be discharged under the permit at
> any time and from time to time;
> (4)   the character and quality of waste
> that may be discharged under the permit;
> and
> (5)   any monitoring and reporting require-
> ments prescribed by the board for the
> permittee.
>
> Sec. 21.081.   (Emphasis added).

You have not indicated what you believe to be embraced within the ambit of "proper site selection" and "compliance with land use divisions and regulations set by the Board."

Section 21.081 requires the Board, in granting permits, to consider the five enumerated conditions, one of which is "the location of the point of discharge of the waste." This condition could, in a given instance, embrace a consideration as to whether there has been a "proper site selection." The use of the term "including" preceding the five specific conditions indicates that the Board may establish other criteria in determining whether or not to issue permits. Federal Land Bank of St. Paul v. Bismarck Lumber Co., 314 U.S. 95, 99-100 (1941); El Paso Electric Co. v. Safeway Stores, 257 S.W.2d 502, 506 (Tex. Civ. App. -- El Paso 1953, writ ref'd n.r.e.). To the extent that your conception of "proper site selection" and "land use divisions and regulations" may be deemed to be "conditions on which [the permit] is issued," it is our opinion that the Board may consider such factors in determining whether to grant a permit.

Under the terms of the Disposal Well Act, the Texas Water Quality Board is authorized to issue permits for the drilling of disposal wells and the conversion of existing wells into disposal wells. Water Code, § 22.011. In granting a permit, the Board is directed to

> impose terms and conditions reasonably
> necessary to protect fresh water from
> pollution, including the necessary
> casing. Sec. 22.051(b).

Whether proper site selection and compliance with land use divisions and regulations set by the Board constitute "terms and conditions reasonably necessary to protect fresh water from pollution" is a question of fact which we are unable to determine. Certainly, the authority conferred upon the Board by section 22.051 is less clearly related to those conditions than that granted by section 21.081.

Pursuant to the Solid Waste Disposal Act, the Texas Water Quality Board has

> the powers and duties specifically pre-
> scribed in this Act and all other powers
> necessary or convenient to carry out its
> responsibilities. V.T.C.S. art. 4477-7,
> § 3(b).

With respect to the disposal of the solid wastes over which it has jurisdiction, the Board

> has the power to require and issue
> permits authorizing and governing the
> operation and maintenance of sites used
> for for the disposal of solid waste.
> Sec. 4(e).

Furthermore, the Board

> is authorized to inspect and approve
> sites used or proposed to be used. . . .
> Sec. 4(d).

Thus, the Solid Waste Disposal Act clearly authorizes the Board to consider "proper site selection" in issuing its permits. Although the Board is granted the

> authority, for good cause, after hear-
> ing and notice to the permittee and
> to the governmental entities named in
> Paragraph (1) of this Subsection (e),
> to revoke or amend any permit it issues
> for reasons pertaining to public health,
> air or water pollution, land use, or
> violation of this Act or of any other
> applicable laws or regulations controlling
> the disposal of solid waste. Sec. 4(e)(8).
> (Emphasis added).

The other aspect of your question inquires whether the Texas Water Quality Board may engage in land use planning. That term is not defined in any of the three statutes from which the Board derives its authority. In general, "land use planning" may be said to encompass a broad range of activities:

> The orderly use and development of land is the focus of land use planning. . . . [L]and use planning is concerned primarily with the physical environment . . . .It deals with the location of uses. . . .The primary legal tools for effectuating land use planning include such police power regulations as zoning and subdivision-platting controls . . . . . D. Hagman, Urban Planning & Land Development Control Law (1971), at 18-19.

As one court has stated., "land-use" involves "the types of regulations normally subsumed under zoning and planning devices." South Terminal Corp. v. Environmental Protection Agency, 504 F.2d 646, 668 (1st Cir. 1974).

No statute grants to the Texas Water Quality Board any general authority to engage in land use planning. Although the power to enact zoning and other such regulations derives from the police power of the state, the Legislature has entrusted that authority to local units of government. See articles 1011a-1011j; article 1011m, V.T.C.S. The Board enjoys only such authority as is specifically delegated to it by the Legislature. Stauffer v. San Antonio, 344 S.W.2d 158, 160 (Tex.Sup. 1961). Absent a statutory directive permitting the Board to engage in zoning or any other activity which may be characterized as "land use planning," we conclude that the Board may not exercise general power in this area.

## S U M M A R Y

The Texas Water Quality Board has no
general authority to engage in land use
planning, but it possesses authority
under the Texas Water Quality Act, the
Solid Waste Disposal Act, and possibly
the Disposal Well Act, to condition the
granting of its permits to point or non-
point sources of water contaminants upon
proper site selection.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb